**XUE WU LIU, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 06–0266–ag.

United States Court of Appeals, Second Circuit.

July 27, 2006.

Kimberly Ellis, Law Offices of Michael Brown, Esq., New York, New York, for Petitioner.

Douglas R. Semisch, Assistant United States Attorney (Michael G. Heavican, United States Attorney for the District of Nebraska, of counsel) Omaha, Nebraska, for Respondent.

Present: Hon. PIERRE N. LEVAL, Hon. REENA RAGGI, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Xue Wu Liu, through counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") Roxanne Hlady-lowycz's decision denying his application (A 79–092–442) for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA adopts and affirms, then supplements an IJ's decision, we review the IJ's decision as supplemented by the BIA. *See Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. Nevertheless, we require that an adverse credibility determination be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (citations omitted).

Here, the IJ first denied Liu's petition in 2002 based on an adverse credibility finding. The BIA remanded the case in 2003, ordering the IJ to conduct a more searching analysis of Liu's credibility, consistent with the principles articulated in *Secaida–Rosales*, 331 F.3d at 307, and *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 153 (2d Cir.2003). On remand, the IJ again concluded that Liu failed to prove his eligibility for asylum. In particular, the IJ found that Liu was not credible because (1) he failed to present any evidence as to his girlfriend's existence, much less a photo of them together; (2) he produced no evidence of written contact between 2002 and 2004 (for example, correspondence in the form of emails, cards, or letters) that

would show the existence of a continuing relationship between Liu and the alleged girlfriend; (3) Liu's alleged girlfriend and his friend who helped him put up posters protesting the forced abortion remain in China and have apparently suffered no ill effects from their involvement in this matter; and (4) Liu presented no evidence regarding the content of the protest posters that he allegedly put up at the family planning clinic.

Furthermore, the IJ found that there were inconsistencies in Liu's testimony, including (1) in his testimony at the hearing in 2002, Liu never mentioned the presence of his alleged girlfriend's parents at her abortion, though he testified to that fact in 2004; and (2) Liu claims that the Chinese government is still looking for him, yet, once he was in the United States, the Chinese government issued him official papers that he needed to apply for asylum. Finally, Liu asked his girlfriend in 2002 to send documentation that he could use to support his case. One such piece of evidence that he requested from her was a prenatal care booklet, given to his girlfriend at the family planning clinic in China. Despite the importance of this alleged request, the girlfriend's response letter made no mention of the booklet, and Liu's testimony as to that discrepancy is hazy. He claims that the booklet "[d]isappeared at home somewhere," and that her letter response failed to mention the booklet because "[s]he talked to [Liu] over the phone."

Based on the vagueness and inconsistency of his testimony, the IJ who observed Liu's testimony found that Liu failed to meet his burden of proof and denied his application for asylum. We find that the IJ's decision was supported by substantial evidence in the record.[1]

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

---

1. While petitioner also indicated an intention to seek CAT relief, the IJ properly denied such relief due to petitioner's failure to present any evidence that would establish CAT eligibility.